### *MURDOCK* vs. *BROWDER.*

APPEAL from the court of the third district.

MATTHEWS, J. delivered the opinion of the court. In this case ths plaintiff sues to recover from the defendant a certain tract of land, (as described in his petition) which he alleges to be in the possession of the latter without title.

The district court gave judgment in favor of the defendant: from which the plaintiff appealed.

The appellant claims the property in dispute, under a probate sale of the estate of

John Murdock, late of the parish of Feliciana. The appellee sets up a title, obtained under a sheriff's sale made in pursuance of an execution, which issued on a judgment rendered in the district court against the heirs of the said John Murdock. The suit was commenced in the ordinary form of a petititory action; and after the defendant appeared and answered, the plaintiff prayed leave to amend his petition, by suggesting nullity in the proceedings and judgment under which the defendant claims title. This amendment being allowed by the court, a bill of exceptions was taken to that proceeding, which requires examination.

On the part of the appellant it is contended, that an action, the object of which is to annul the judgment and sale under it, of the district court, should be commenced by all the heirs of John Murdock, and should have preceded any suit directly claiming the property alienated in consequence of a judgment pronounced by a court, alleged to be without jurisdiction. If the probate sale was considered in such a manner as to transfer to the plaintiff the right and title of all the heirs of John Murdock to the premises in dispute,

he might legally pursue any steps in his individual right for his sole benefit in relation thereto—which, before such transfer, should have been prosecuted in right of all the heirs. There does not appear (to this court) to be any incompatibility in uniting in the same suit allegations of nullity, and a prayer to have the title, by which a defendant holds property, avoided and annulled; and one for the recovery of said property. We are, therefore, of opinion, that the amendment in the petition was properly allowed.

In proceeding to discuss the merits of the case, it is necessary first to inquire into the validity of the defendant's title—whether it be of such force as to require that he should be maintained in his possession of the property, against the claim of the plaintiff.

According to the evidence of the case, (as shewn by the record) it appears that John Murdock died intestate, leaving no heirs within the state of Louisiana; and that his estate was administered by a curator for some time, as being one known in our laws under the denomination of vacant. The administration of the curator ceased by the interference of one Samuel Murdock, who claimed

the succession of John, as brother and heir in his own right in part; and also by virtue of a procuration from the other heirs, of whom the present plaintiff is one. Young, the curator, settled his accounts with the court of probates; and the property of the succession was considered to be in the possession of the heirs, &c. Two or them, viz. the appellant and Samuel Murdock, who were entitled to two-thirds of the estate, were of full age; and two others nephews of the deceased, inherited the remainder. The majors, after twenty-one, having accepted the inheritance without benefit of inventory on their part, left the state without paying the debts of the succession. The defendant in the present suit, who was a creditor of said succession, instituted a suit against them as heirs; and also against the minor heirs, by attachment, in the district court of the third judicial district, wherein all the defendants were represented by an attorney and curator, *ad hoc*, for the minors. Judgment was given for the plaintiff; and in executing it, the property now in dispute was sold by the sheriff, and acquired by the present appellee.

The judgment in the suit of *Browder* vs. *the Heirs of John Murdock*, was rendered in

such prayer, as to condemn each of them to the payment of his share of the debt claimed, in proportion to the extent of his right of inheritance.

These proceedings were clearly correct and legal, so far as they related to the heirs of age; who had assumed that character without the protection of an inventory. By the acceptance of the inheritance, *pure and simple*, they became liable to pay the debts of the ancestor, proportionably to their interest in the succession; and, as they resided permanently out of the state, their rights in it were subject to be seized by attachment; and sold, after final judgment, in satisfaction thereof. They cannot claim for themselves any benefit of nullity in those proceedings. Nor can they for the minor heirs, even admitting that, with respect to them, the judgment and subsequent proceeding on it, by which the defendant in the present action claims title, are void, (which is by no means clear.) Should the minors, when they become of age, desire to set aside the judgment or sale under it, to the prejudice of the appellees, they will only be authorised to pursue him successfully, on payment of

Vol.V. N S. 86

their share of his claim on the succession of their ancestor.—See 3 *N. S.* 674.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Buchanan* for the plaintiff, *Watts & Lobdell* for the defendant.